ANTOON, Judge.
Harold Laushway appeals the final order entered by the trial court removing him as the personal representative of the estate of Elna N. Vincent. We affirm.
Mr. Laushway has used his right of direct appeal to challenge the trial court’s determination concerning the weight of the evidence and the trial court’s findings of facts. The trial court’s findings of fact are supported by the overwhelming weight of the evidence, and we conclude that the trial court was correct in determining that the last will of Ms. Vincent was procured by Mr. Laush-way”s exercise of undue influence. In this regard, the record evidence of Mr. Laush-way’s exertion of undue influence was classic. This was not a close case. Because there is no basis for this court to disturb the judgment of the trial court, we affirm. See In re Estate of Ryan, 576 So.2d 767 (Fla. 3d DCA 1991) (it is not the function of the appellate court to reweigh the evidence, and as long as there is substantial competent evidence to support a trial court’s finding that a will was procured by undue influence the appellate court must not disturb the findings).
Mr. Laushway also contends that the trial court lacked jurisdiction to order him to account for property Ms. Vincent transferred to him prior to her death. We reject this claim of error because the trial court had the authority to continue jurisdiction over Mr. Laushway and any property in his possession to which the estate has a claim, including inter vivos gifts which the court considered procured by undue influence. See generally 1 Leslie A. Jeffries, Redfeam Wills and Administration in Florida, § 17-12 (6th ed. 1986).
AFFIRMED.
COBB and GOSHORN, JJ., concur.